1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

ARTHUR SOWELL,                           No. C 13-0965 WHA (PR)

12

          Plaintiff,               **ORDER GRANTING MOTION FOR**

13
                                    **SUMMARY JUDGMENT**

  v.

14

SAN MATEO COUNTY SHERIFF

15

GREG S; CHIEF MEDICAL

DIRECTOR JEAN S. FRASER;              (Docket No. 20)

16

NURSE MALOU; NURSE LISA,

17

          Defendants

18

                                     /

19

**INTRODUCTION**

20

21

      Plaintiff filed this pro se civil rights action under 42 U.S.C. 1983.  He claims that he

22

received inadequate medical Carre when he was detained in the San Mateo County jail in

23

November 2011.  Defendants Greg Munks, Jean S. Fraser, Merilou Meria and Lisa Khan filed a

24

motion for summary judgment and served plaintiff with the warning about summary judgment

motions required by *Rand v. Rowland*, 154 F.3d 952,953-954 (9th Cir. 1998) (en banc).

25

Plaintiff also received that warning with the order of service.  Despite that warning, plaintiff has

26

not opposed defendants' summary judgment motion.  For the reasons discussed below, the

27

motion for summary judgment is **GRANTED**.

28

United States District Court

For the Northern District of California

**ANALYSIS**

A.    STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v.  Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid.*

B.    ANALYSIS

The motion for summary judgment is unopposed.  A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *see also North American Specialty Insurance Company v. Royal Surplus Lines Insurance Company*, 541 F.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in opposition to a motion for summary judgment, the district court is not required to search the record sua sponte for a triable issue of fact).

Plaintiff complains that defendants Meria and Khan, two jail nurses, failed to treat an

1   infection in his foot, and that defendants Fraser and MUNKS, two supervisory officials, failed

2   to take corrective action when the inadequate treatment was reported to them.  Deliberate

3   indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription

4   against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A serious

5   medical need exists if the failure to treat a prisoner's condition could result in further significant

6   injury or the unnecessary and wanton infliction of pain.  *Ibid.*  A prison official is deliberately

7   indifferent if she knows that a prisoner faces a substantial risk of serious harm and disregards

8   that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837

9   (1994).  Neither negligence nor gross negligence will constitute deliberate indifference.  *Id.* at

10  835-36 & n.4.

11      Defendants' evidence, including plaintiff's medical records and declarations, establishes

12  that plaintiff received proper medical care from Meria and Khan.  Specifically, their papers

13  show that Meria's only contact with plaintiff was to perform his intake examination when he

14  arrived at the jail on November 3, 2011 (Meria Decl.  ¶ 2; Del Rosario Decl.  ¶ 4(a)).  She

15  evaluated his answers on the extensive medical questionnaire, physically examined him, took

16  his vital signs, and questioned him regarding his health (Meria Decl.  ¶ 2).  Plaintiff reported

17  back problems and a "flat foot" but no foot infection or injury, and he indicated that he had not

18  had any recent body aches or pains (*ibid.*).  She reviewed his medical records from prior stays at

19  the jail and discovered a history of mental health problems and hypertension and referred him to

20  a mental health care provider; the next day, he informed the mental health provider that he had

21  used methamphetamine the day before and had stopped taking antidepressants, but he did say

22  that he had any problem with his foot (*ibid.*; Del Rosario Decl.  ¶ 4(c)).

23      Plaintiff's medical records show that he first complained about his foot on November 5,

24  2011, and he was seen that day by another jail nurse, Huai Chen (who is not a defendant) (Del

25  Rosario Decl. ¶ 4(d)).  He complained about pain and swelling in his left heel (*ibid.*).  Chen

26  found it somewhat swollen and calloused, but she determined that it was not infected because

27  he could bear weight on it, the skin was not broken, and there was no drainage or fever (*ibid.*).

28  She prescribed Motrin, which he received along with other pain medication on a daily basis (*id.*

United States District Court
For the Northern District of California

¶ 4(d)-(k)).  Nurse Khan saw him two days later, on November 7, when plaintiff complained that he could not breathe; her examination revealed that his lungs, blood pressure, temperature, vital signs, oxygen levels, blood sugar and speech capability were all normal (*id.* ¶ 4(h)).  Based on these findings, she determined that his wheezing and hyperventilating were deliberate and not the result of any medical problem, and she declined his requests for narcotics, cough syrup and a hospital visit as medically unnecessary (*ibid.*).  Two days later, on November 9, another nurse, Betsi Carey (also not a defendant) examined plaintiff and found that he had athlete's foot with an infection between his toes, and she prescribed Tylenol, an antibiotic, medicated foot soaks and a topical fungus cream, which he received in a variety of forms throughout his stay at the jail.  (*Id.* ¶ 4(k).)

Meria and Khan were not "deliberately indifferent" to any foot infection or injury plaintiff suffered because there is no evidence that he had such an infection or injury when they examined him.  To the contrary, plaintiff's medical records show that their examinations and an intervening examination by another nurse showed no symptom of an infection or other injury.  Although an infection was subsequently found in his foot, this does not mean the foot was infected two days earlier when Khan examined him or six days earlier when Meria examined him.  Moreover, if the infection had been in place earlier when they examined him and they failed to discover it, this would not amount to "deliberate indifference" because there is no evidence that they knew it was there and deliberately ignored it.  At most, they may have been negligent, as plaintiff contends (Compl. 3).  As indicated, medical negligence does not violate the Eighth Amendment or any other federal law, and as such is not actionable under Section 1983.  Accordingly, defendants' papers establish the absence of any material factual issue as to whether Meria and Khan violated his constitutional rights, and they are entitled to summary judgment on his claims.

The claims against the supervisory defendants Fraser and Munks are largely derivative of the claims against Meria and Khan insofar as plaintiff complains that Fraser and Munks did not correct the adequate medical care for his foot.  The medical records indicate, however, that plaintiff received medically appropriate care.  He was examined on a nearly daily basis by

nurses each time he had a complaint, he received daily pain medication, and, once an infection was discovered, he received antibiotics, medication and cream to treat it throughout his time at the jail.  There is no evidence that such measures were inadequate to address the infection.  The records show, moreover, that he did not have symptoms of an infection requiring such treatment earlier.  As a result, there is no evidence that he received inadequate medical care necessitating any corrective action by Fraser and Munks.  Accordingly, they are entitled to summary judgment as well.

### CONCLUSION

Defendants' motion for summary judgment (dkt. 20) is **GRANTED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December  16 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

5